*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* KB.

HEATHER HODGES,

          Petitioner-Appellee,

v

KB,

          Respondent-Appellant.

UNPUBLISHED
July 1, 2021

No. 355651
Mecosta Probate Court
LC No. 20-002023-MI

Before: STEPHENS, P.J., and BECKERING and O'BRIEN, JJ.

PER CURIAM.

Respondent[1] appeals as of right the probate court's order for involuntary mental health treatment. We affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Respondent was diagnosed with schizoaffective disorder bipolar type. Respondent had a long history of paranoia and was discharged from her adult foster care home after multiple altercations stemming from her noncompliance with her medications and paranoia toward staff and residents. Respondent briefly lived with her ex-boyfriend, but became paranoid toward him, so she moved to a homeless shelter. Respondent was hospitalized multiple times and in November 2020, presented in an emergency room, where she stated that she wanted to die, asked the admitting therapist to kill her, destroyed hospital property, and struck hospital staff. On November 12, 2020, a social worker filed a petition for involuntary mental health treatment, stating that respondent posed a danger to herself and did not understand her need for treatment.

---

[1] In light of the sensitive nature of the discussion of respondent's health information, we do not identify her by name.

The probate court held a hearing regarding the petition, and respondent's psychiatrist testified that she had been showing a little improvement in the structured setting of the hospital, but he doubted that she would be able to function well outside of that setting. He stated that she had accepted her medications, but she did not understand her need for mental health treatment because she did not believe that she was mentally ill. Respondent believed that everyone was lying to her and that her counselors had fabricated her hospital records. Respondent testified at the hearing and interrupted the court multiple times. She testified that she understood that her diagnosis was bipolar one and stated that she "could" have schizoaffective disorder, but attempted to rationalize her paranoia by blaming her ex-boyfriend's criminal history and drug use. Respondent agreed that she was willing to take her medications, but denied having any altercations with anyone in the hospital. She complained that her psychiatrists and case managers did not spend enough time with her and were trying "to play God" with her case.

At the conclusion of the hearing, the probate court found that clear and convincing evidence demonstrated that respondent had a mental illness of schizoaffective disorder bipolar type that required treatment. The court also found that respondent posed a significant risk of harm to herself and others, as evidenced by her actions, and determined that her judgment was so impaired by her mental illness and lack of understanding of her need for treatment that she demonstrated an unwillingness to voluntarily participate in or adhere to treatment programs. The court ordered respondent to undergo up to 180 days of combined hospitalization and outpatient treatment, including no more than 60 days' hospitalization.

## II. ANALYSIS

Respondent argues that the probate court abused its discretion by finding that she was a person with a mental illness who required treatment pursuant to MCL 330.1401(1)(b) and (c). We disagree.

We review for an abuse of discretion a probate court's dispositional rulings and review for clear error the factual findings underlying a probate court's decision. *In re Portus*, 325 Mich App 374, 381; 926 NW2d 33 (2018). "An abuse of discretion occurs when the probate court chooses an outcome outside the range of reasonable and principled outcomes." *Id*. (quotation marks and citation omitted). "A probate court's finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." *Id*. (quotation marks and citation omitted).

Before a probate court may order an individual to receive involuntary mental health treatment, it must find that the individual is a "person requiring treatment" under MCL 330.1401(1). MCL 330.1401(1) provides:

> As used in this chapter, "person requiring treatment" means (a), (b), or (c):
>
> (a) An individual who has mental illness, and who as a result of that mental illness can reasonably be expected within the near future to intentionally or unintentionally seriously physically injure himself, herself, or another individual, and who has engaged in an act or acts or made significant threats that are substantially supportive of the expectation.

(b) An individual who has mental illness, and who as a result of that mental illness is unable to attend to those of his or her basic physical needs such as food, clothing, or shelter that must be attended to in order for the individual to avoid serious harm in the near future, and who has demonstrated that inability by failing to attend to those basic physical needs.

(c) An individual who has mental illness, whose judgment is so impaired by that mental illness, and whose lack of understanding of the need for treatment has caused him or her to demonstrate an unwillingness to voluntarily participate in or adhere to treatment that is necessary, on the basis of competent clinical opinion, to prevent a relapse or harmful deterioration of his or her condition, and presents a substantial risk of significant physical or mental harm to the individual or others.

" 'Mental illness' means a substantial disorder of thought or mood that significantly impairs judgment, behavior, capacity to recognize reality, or ability to cope with the ordinary demands of life." MCL 330.1400(g). "A judge . . . shall not find that an individual is a person requiring treatment unless that fact has been established by clear and convincing evidence." MCL 330.1465.

Respondent first argues that the probate court abused its discretion by finding that respondent was a person requiring treatment under MCL 330.1401(1)(b). However, the trial court did not make this finding. The court's order stated that respondent was a person requiring treatment pursuant to MCL 330.1401(1)(a) and (c), and the box for subsection (b) was not checked. Therefore, the probate court did not abuse its discretion because it did not make any findings pursuant to MCL 330.1401(1)(b).

Respondent next argues that the probate court abused its discretion by finding that she was a person requiring treatment under MCL 330.1401(1)(c). However, the court's finding was supported by clear and convincing evidence. Respondent did not believe that she was mentally ill and believed that treatment staff lied to her and fabricated her records. Although respondent testified that she understood that she had been diagnosed with bipolarity, she attempted to rationalize her paranoia rather than acknowledging her schizoaffective disorder. Respondent repeatedly resisted treatment at the hospital, running away from an interview without warning, stating that she believed her case managers and psychiatrist had "[tried] to play God" with her case, and striking at hospital staff, while denying any altercations. Respondent had been noncompliant with her medications in the past, which led her to act out and be discharged from her adult foster care home. The evidence also showed that respondent's condition substantially deteriorated when she was not hospitalized. Respondent was discharged from her adult foster home because of her paranoia and repeated altercations, became homeless because of her paranoia regarding her ex-boyfriend, struck hospital staff, and attempted to destroy hospital property. Therefore, clear and convincing evidence supported the probate court's finding that respondent had a mental illness that made her unwilling to voluntarily participate in necessary treatment to prevent a relapse or harmful deterioration of her condition. Clear and convincing evidence also supported the probate court's finding that respondent posed a substantial risk of significant physical or mental harm to herself and others. Respondent posed a substantial risk of significant physical harm to herself because she told physicians that she wants to die and asked a psychiatrist to kill her. She posed a substantial risk of significant physical harm to others because she had repeated altercations with individuals at her adult foster care home and verbally and physically

assaulted hospital staff. Therefore, clear and convincing evidence supported the probate court's finding that respondent was mentally ill and required treatment pursuant to MCL 330.1401(1)(c).

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Jane M. Beckering
/s/ Colleen A. O'Brien